UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JACQUELINE REYLING, as natural guardian'
To B.R., an infant, KEITH REYLING, as
Natural guardian to B.R., an infant

                              Plaintiffs,

   -against-

                                                           **MEMORANDUM & ORDER**
                                                             CV 23-266 (RER) (AYS)

THREE VILLAGE CENTRAL SCHOOL
DISTRICT, et al.,


                              Defendants.
-----------------------------------------------------------X
**SHIELDS, United States Magistrate Judge:**

      Plaintiffs, Jacqueline and Keith Reyling ("Plaintiffs" or the "Reylings"), commenced this action on behalf of B.R., their then-infant son, on January 16, 2023. (Docket Entry ("DE") [1].) Named as Defendants are the Three Village Central School District, the Three Village Central School District Board of Education, and William Bernhard. Since its commencement, this case has been actively litigated and, after extensive motion practice (mostly directed to discovery rulings), is finally near to trial. Presently before this Court are pre-motion conference letters with respect to the Reylings' requests to submit motions supplementing their pleading pursuant to Rule 15(d) of the Federal Rules of Civil Procedure ("Rule 15(d)"), and to amend pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure ("Rule 15(a)(2)"). Plaintiffs' Complaint has already been amended once. Thus, the presently operative pleading is the First Amended Complaint (the "FAC"), filed on September 19, 2023. (DE [22]). The Reylings have properly submitted a pre-motion conference letter, setting forth the basis for their proposed motion. They

1

have also properly submitted a "red-lined" copy of their proposed pleading. Defendants oppose the Reylings' requests to move and have submitted a letter setting forth the factual and legal bases for their opposition.

Upon review of the proposed second amended pleading, the parties' positions as set forth in their letters, this Court's extensive familiarity with this litigation, as well as the applicable legal standards, this Court holds that further briefing of the proposed motion is unnecessary. Instead, the Court chooses to construe the pre-motion letters as the motions themselves. See In re Best Payphones, Inc., 450 F. App'x 8, 15 (2d Cir. 2011). Upon such construction, and for the reasons set forth below, the Reylings' motions are deemed made and are denied.

## BACKGROUND

I. The First Amended Complaint

Plaintiffs' presently operative pleading, the FAC, alleges, in general, that B.R was subject to bullying and harassment while a student at the Defendant School District. It is alleged that B.R. was victimized on account of his hearing disability. As noted, the original Complaint herein was filed on January 16, 2023. The FAC was filed on September 19, 2023. It sets forth a single Federal claim pursuant to the Americans with Disabilities Act (the "ADA"). All other claims in the FAC are asserted pursuant to the laws of the State of New York. Those claims are parallel state law statutory disability discrimination claims and set forth state law claims sounding in tort. Throughout this litigation, the Reylings have been very specific with respect the acts alleged to form the basis of their claims. Thus, they have relied, and taken discovery, with respect to specific acts of alleged bullying and physical contact. Such discovery has included extensive document production as well as several depositions. Among those deposed are individuals whom the Reylings knew about, but who were never named as Defendants.

II.   The Proposed Second Amended Complaint

The proposed second amended complaint (the "PSAC") seeks to add factual circumstances regarding a 2023 incident that took place prior – in March of 2023 – six months before the filing of the FAC. The facts sought to be added, like the facts forming the basis of the FAC, arise out of alleged incidents of bullying based upon B.R.'s hearing disability. In addition to adding such factual circumstances, the PSAC adds nine additional defendants. It also adds civil rights claims pursuant to 42 U.S.C. §§ 1983 and 1985. Specifically, Plaintiffs allege that BR was deprived of his right to equal protection of the law, and that Defendants' conduct violated B.R.'s substantive Due Process rights. The PSAC also alleges that Defendants engaged in a civil conspiracy in violation of 42 U.S.C. § 1985. Liability is sought to be separately imposed on the District pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978). Like the FAC, the PSAC alleges parallel claims of liability under New York State Law, and state law claims sounding in tort.

Review of the PSAC reveals that it is identical to a complaint filed in 2025 under Docket No. 25-1732 (RER) (AYS) ("Reyling II"). Thus, Plaintiffs seek by way of amendment here to assert all claims in this 2023 litigation that are asserted in Reyling II. Reyling II was filed two years after commencement of this case, when this case was at the end of discovery. Like the PSAC, Reyling II names nine additional defendants. The FAC, Reyling II and the PSAC all allege that B.R. was victimized on account of his hearing disability. Reyling II and the PSAC, however, name nine additional defendants and are based upon a completely different and broader set of Constitutional claims.

II.     The Motions

The Reylings move to supplement the FAC under Rule 15(d) and to file a Second Amended Complaint, pursuant to Rule15(a)(2). The Rule 15(d) motion seeks to add facts regarding a March 6, 2023 incident to the facts forming the basis of the proposed pleading. The Rule 15(a)(2) motion seeks to amend the FAC to assert a PSAC that incorporates all claims alleged in Reyling II. Thus, Plaintiffs seek to broaden the scope of this litigation by adding the civil rights and state law claims alleged in Reyling II. Defendants oppose the motions in their entirety.

DISCUSSION

I.      Legal Standard

Rule 15 of the Federal Rules of Civil Procedure governs the amendment of pleadings prior to trial. See Fed. R. Civ. P. 15. It applies to all aspects of Plaintiffs' proposed motion, whether couched as a motion to amend or to supplement. See Sweigert v. Goodman, No. 1:18-cv-08653, 2020 WL 8918876, at *2 (S.D.N.Y. Oct. 8, 2020) ("The legal standards applied to a motion pursuant to Rule 15(d) are no different than those applied to a motion for leave to amend pursuant to Rule 15(a).") (citation omitted). Rule 15(d) supplementation is sought to include in Plaintiffs' case a 2023 incident when Brady Reyling (the formerly named infant Plaintiff who has now reached the age of majority, referred to hereafter as "Brady") was allegedly punched in his head. Brady's baseball coach, Lou Petrucci ("Petrucci"), who is now sought to be added as a defendant, is alleged not to have intervened or taken any action to remedy such behavior. Broader amendment of the pleading by way of the PSAC is sought pursuant to Rule 15(a) to include not only Petrucci as a Defendant but eight other named defendants in a broad variety of civil rights violations.

4

All of the amendments sought by Plaintiffs require leave of court. Where such leave is required to amend, the court has broad discretion to grant such leave "freely," "when justice so requires." Fed R. Civ. P. 15(a)(2). Because amendments "tend to facilitate a determination on the merits," they are "generally favored." Zucker v. Porteck Global Servs., Inc., No. 13-CV-2674, 2015 WL 6442414, at *4 (E.D.N.Y. Oct. 23, 2015) (citations omitted). As stated by the Supreme Court, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962). Thus, Rule 15 is construed liberally and courts have broad discretion to allow parties to add additional causes of action. See Shpak v. Curtis, No. 10-CV-1818 2012 WL 511478, at *4 (E.D.N.Y. Feb. 14, 2012); see also Hartman v. County of Nassau, No. 04 CV 1784, 2008 WL 1923127, *18 (E.D.N.Y. Apr. 28, 2008).

Despite the liberal construction generally afforded Rule 15, motions to amend are properly denied where they are founded in "undue delay, bad faith, futility, or prejudice to the non-moving party. . . ." Mendez v. U.S. Nonwovens Corp., 2 F. Supp. 3d 442, 451 (E.D.N.Y. 2014). The non-movant bears the burden of demonstrating that the proposed amendment is improper. Blaskiewicz v. Cnty. of Suffolk, 29 F. Supp. 2d 134, 137 (E.D.N.Y. 1998). Delay alone, "absent a showing of bad faith or undue prejudice" is insufficient to deny a motion to amend. State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981); see also Parker v. Columbia Pictures Indus., 204 F.3d 326, 339 (2d Cir. 2000) (finding "mere delay" insufficient to justify denial of Rule 15(a) motion). Where a significant period of time has passed prior to filing a motion to amend, however, the moving party must provide an explanation for the delay. See Park B. Smith, Inc. v. CHF Indus. Inc., 811 F. Supp. 2d 766, 779 (S.D.N.Y. 2011) (describing burden to explain extended delay and collecting cases).

Although "[p]rejudice to the opposing party . . . has been described as the most important reason for denying a motion to amend," Frenkel v. New York City Off–Track Betting Corp., 611 F. Supp. 2d 391, 394 (S.D.N.Y. 2009) (quoting Turkenitz v. Metromotion, Inc., 97 Civ. 2513, 1997 WL 773713, at *8 (S.D.N.Y. Dec. 12, 1997)), only undue prejudice warrants denial of leave to amend. See A.V. by Versace, Inc. v. Gianni Versace S.p.A., 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000); see also Oneida Indian Nation of New York State v. Cty. of Oneida, 199 F.R.D. 61, 77 (N.D.N.Y. 2000) (noting that where moving party provides explanation for delay, opposing party must make "greater showing" of prejudice).

In deciding whether prejudice should result in denial of a Rule 15 motion, courts evaluate whether the proposed amendment "would (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." Monahan v. New York City Dep't of Corr., 214 F.3d 275, 284 (2d Cir. 2000) (quoting Block v. First Blood Assoc., 988 F.2d 344, 350 (2d Cir. 1993)). Courts also consider the particular procedural posture of the case. See, e.g., Ruotolo v. City of New York, 514 F.3d 184, 192 (2d Cir. 2008) (Undue prejudice can be found where an eve of trial amendment "would result in new problems of proof.") (quoting State Teachers Retirement Bd., 654 F.2d at 856)); Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003) (upholding denial of leave to amend sought after close of discovery and while summary judgment motion was pending). This "inquiry involves a balancing process," weighing any potential prejudice to the opposing party against the prejudice that the moving party would experience if the amendment were denied. Oneida Indian Nation of New York, 199 F.R.D. at 77. The non-moving

party bears the burden "of demonstrating that substantial prejudice would result were the proposed amendment to be granted." Id.

Central to the undue prejudice analysis are whether the party seeking leave had prior notice of their claim and whether the new claim arises from the same transaction as the claims in the original pleading. See Monahan, 214 F.3d at 284; Ho Myung Moolsan Co. v. Manitou Mineral Water, Inc., 665 F. Supp. 2d 239, 262 (S.D.N.Y. 2009). This is because "prejudice occurs if the opposing party would experience undue difficulty in defending a lawsuit because of a change in tactics or theories on the part of the movant." Henry v. Murphy, No. M–82, 2002 WL 24307, at *2 (S.D.N.Y. Jan. 8, 2002), aff'd, 50 F. App'x 55 (2d Cir. 2002).

II.     The Motion is Denied

Application of the standards above requires denial of the proposed amendment and/or supplementation of the pleadings. Despite the liberal construction afforded such motions, this is a case where the undue prejudice to the party opposing the motion is appropriate.

First, there is the unexplained two-year delay in assertion of the claims set forth in the PSAC. While delay alone is insufficient to deny amendment, undue delay causing prejudice to the non-moving party does weigh against allowing amendment. Plaintiffs' delay in asserting new claims against nine additional defendants lays to waste two years of extensive and hotly contested pretrial discovery. This Court's familiarity with the course of that discovery allows it to observe how hard fought each and every step of discovery has been. Unlike most cases, the lawyers herein have litigated nearly each and every aspect of discovery. Allowing the amendment Plaintiffs seek would set the clock back on discovery and will no doubt add at least another two years before this case is trial ready. This constitutes the undue delay that counsels against allowing amendment.

The prejudice to Defendants is also clear when considering the fact that Plaintiffs certainly could have asserted the claims in the PSAC two years ago. None of the factual issues forming the basis of the PSAC were unknown prior to this motion. Rather than asserting this variety of civil rights claims (including a conspiracy claim against the School District's counsel) against new defendants (and inexplicably unknown Doe Defendants), Plaintiff chose to assert and litigate a narrow set of disability-related claims against a discrete Defendant. This "change in tactics or theories" is precisely the type of conduct that weighs heavily against allowing amendment here. Henry v. Murphy, No. M–82, 2002 WL 24307, at *2 (S.D.N.Y. Jan. 8, 2002), aff'd, 50 F. App'x 55 (2d Cir. 2002); Monahan, 214 F.3d at 284; Ho Myung, 665 F. Supp. 2d at 262.

Plaintiffs' position is that the prejudice of re-starting discovery is minimal since many new Defendants have already been deposed. Plaintiffs' argument fails to appreciate the impact on discovery of assertion of completely different legal theories against additional defendants. While it may be true that certain sought to be named Defendants have been deposed - or might have been - deposition of a third-party witness presents a different litigation scenario from that presented when deposing parties. The Court has little doubt that Defendants would seek (and be entitled to) new depositions based upon their naming as Defendants. Such new depositions would also be allowed because the claims sought to be added are substantially different.

In sum, upon balancing the factors discussed above, the Court holds that Defendants have sustained their burden of showing that further amendment of the pleadings at this stage of the litigation would result in undue prejudice to Defendants. Allowing amendment to assert what is essentially a different lawsuit would require Defendants to expend significant additional resources and will significantly delay the resolution of the parties' dispute. See Monahan, 214

F.3d at 284. Discovery is closed and this case is trial ready. The Court will not allow this case to be complicated on the eve of trial to assert claims that Plaintiffs could easily have asserted two years ago. Allowing amendment would result in all of the parties' litigation efforts – which have been costly, substantial and targeted to particular facts and legal theories – to be for naught. The motion is therefore denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to supplement and/or amend the First Amended Complaint is denied.

**SO ORDERED:**

Dated: Central Islip, New York
August 13, 2025

/s/   Anne Y. Shields
ANNE Y. SHIELDS
United States Magistrate Judge