UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
JACQUELINE REYLING, as natural guardian to
B.R., an infant, KEITH REYLING, as natural
guardian to B.R., an infant,

                Plaintiffs,

      -against-

THREE VILLAGE CENTRAL SCHOOL
DISTRICT, THREE VILLAGE CENTRAL
SCHOOL DISTRICT BOARD OF EDUCATION,
WILLIAM BERNHARD, and JOHN AND JANE
DOES,

                Defendants.
--------------------------------------------------------------X

**MEMORANDUM
AND ORDER**
CV 23-0266 (RER) (AYS)

**SHIELDS, United States Magistrate Judge:**

Before the Court is Plaintiffs' application for an award of attorney's fees and costs, pursuant to Federal Rule of Civil Procedure 37, as part of a sanctions order issued by this Court. Plaintiffs seek $183,393.61 in attorney's fees and $704.00 in costs. Defendants oppose Plaintiffs' motion and request that the fee application be either denied in its entirety or reduced by ninety percent (90%). For the following reasons, Plaintiffs' motion for attorney's fees and costs is granted in part and denied in part.

BACKGROUND

Familiarity with the facts of this action is presumed. By Order dated June 10, 2025, this Court rendered a decision on a discovery motion for sanctions brought by Plaintiffs (the "Discovery Order"). The Discovery Order found that, pursuant to Federal Rule of Civil Procedure 37, Plaintiffs were entitled to their reasonable attorney's fees and costs with respect to certain witness statements that were either belatedly produced by Defendants or not produced at all. No attorney's fees or costs were awarded with respect to the part of Plaintiffs' motion for

1

sanctions that was withdrawn – i.e., the portion pertaining to alleged spoliation of video footage. Plaintiffs were directed to submit their application for fees and costs by June 24, 2025. (Order of Shields, M.J., dated June 10, 2025.)

Defendants appealed the Discovery Order to the District Court on July 8, 2025. (DE [101].) In light of that appeal, the parties were afforded numerous extensions of time to file and oppose Plaintiffs' fee application. Ultimately, the fully-briefed motion for attorney's fees and costs was filed on November 19, 2025. (DE [111]. On April 17, 2026, the District Court denied Defendants' appeal of the Discovery Order. (Order of Reyes, J., dated Apr. 17, 2026.)

By the within motion, Plaintiffs seek $183,393.61 in attorney's fees and $704.00 in costs in accordance with the Discovery Order. Defendants oppose Plaintiffs' application on several grounds: (1) that the hourly rates requested are not reasonable; (2) that the hours expended by Plaintiffs' counsel are excessive; (3) that reimbursement is sought for hours unrelated to the Discovery Order; (4) that Plaintiffs' counsel's billing entries are vague and duplicative; and, (5) that Plaintiffs' counsel's use of quarter-hour billing is unreasonable and excessive. Defendants request that the motion be denied in its entirety or that the fees sought be reduced by ninety percent (90%). (DE [112].) The Court now turns to the merits of the motion.

DICUSSION

I.    Legal Standard

In the Second Circuit, the "starting point" for calculating a "presumptively reasonable fee," is "the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case." Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) ("Both this Court and the Supreme Court have held that the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a

2

'presumptively reasonable fee.'") (quoting Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany, 522 F.3d 182, 183 (2d Cir. 2008)). The Supreme Court has held that "the lodestar method produces an award that roughly approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." Perdue v. Kenny A., 559 U.S. 542, 551 (2010) (emphasis in original). "[T]he lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable attorney's fee.'" Id. at 553 (citation omitted); see also Arbor Hill, 522 F.3d at 190-91 (holding that a court determines a "presumptively reasonable fee" by considering case specific factors in order to establish a reasonable hourly rate that a "reasonable, paying client would be willing to pay," and then multiplying that rate by the number of reasonable hours). This assessment is undertaken "bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill, 522 F.3d at 190.

The reasonableness of hourly rates is guided by the market rate "[p]revailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984), and the relevant community is generally the "district in which the court sits." Polk v. New York State Dep't of Corr. Servs., 722 F.2d 23, 25 (2d Cir. 1983). Moreover, "[t]he burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed," Hugee v. Kimso Apartments, LLC, 852 F. Supp. 2d 281, 291 (E.D.N.Y. 2012), and this Circuit requires contemporaneous billing records for each attorney who worked on the action. See Scott v. City of New York, 643 F.3d 56, 57 (2d Cir. 2011). Finally, there is a "strong presumption" that the lodestar represents the appropriate award, though "enhancements may be awarded in rare and exceptional circumstances." Perdue, 559 U.S. at 552.

3

II.    Plaintiffs' Application

Plaintiffs seek $183,393.61 in attorney's fees. In support of their motion, Plaintiffs have submitted the Declaration of Cheryl L. Berger ("Berger"), dated August 28, 2025 ("Berger Decl."), and the Supplemental Reply Declaration of Cheryl L. Berger, dated April 23, 2026, ("Supplemental Berger Decl."), as well as contemporaneous billing records. (DE [111-2], [111-3], [119], [119-1].) Plaintiffs seek reimbursement for attorney services rendered at the following rates: (1) $596.56 per hour for Berger, a partner, for services rendered prior to February 3, 2026, and $650.00 per hour for services rendered after February 3, 2026; (2) $492.81 for Leah Johnson ("Johnson"), an associate; (3) $492.81 per hour for Claudia Cannam ("Cannam"), an associate, for services rendered prior to February 3, 2026, and $500.00 per hour for services rendered after February 3, 2026; (4) $337.19 per hour for Joseph Abergail, a law clerk; (5) $337.19 per hour for "law interns" Luke Lentini ("Lentini") and Robert Traveso ("Traveso"); (6) $337.19 per hour for Suzanne Damante ("Damante"), Lauren Rios ("Rios"), and Rachel Grossbard ("Grossbard"), all paralegals, for services rendered prior to February 3, 2026, and $350.00 per hour for services rendered after February 3, 2026; and, (7) $337.19 per hour for Amira Elmansoury ("Elmansoury"), who is described as providing "law firm support to the attorneys and staff." (Berger Decl. 94; Supplemental Berger Decl. ¶ 12-13 and Ex. 1, annexed thereto.) Plaintiffs seek reimbursement for costs in the amount of $704.00.

As to attorney time, Plaintiffs' motion states that attorneys and staff expended the following hours on this matter: (1) Berger = 259.55; (2) Johnson = 7.25; (3) Cannam = 14.5; (4) Abergail = 1.75; (5) Lentini = 0.25; (6) Traveso = 0.25; (7) Damante = 20.25; (8) Rios = 20.45; (9) Grossbard = 0.75; and, (10) Elmansoury = 5.75. (Berger Decl. ¶ 94; Supplemental Berger

4

Decl., Ex. 1.) The total attorney and staff time expended on this action by Plaintiffs' counsel amounts to 330.75 hours.

III.     Disposition of the Motion

    A.     Hourly Rates

Presumptively reasonable hourly rates in this District are currently "$450-$650 for partners, $300-$450 for senior associates, $150-$300 for junior associates, and $100-$150 for paralegals." Rubin v. HSBC Bank USA, N.A., 763 F. Supp. 3d 233, 244 (E.D.N.Y. 2025). However, "[t]he determination of what constitutes a reasonable hourly rate also requires the submission of information concerning the credentials or experience of counsel applying for fees." Fuchs v. Tara Gen. Contracting, Inc., No. CV 06-1282, 2009 WL 3756655, at *2 (E.D.N.Y. Nov. 3, 2009) (citations and internal quotation marks omitted). Where information concerning the credentials or experience of counsel has not been provided, "a deduction of the hourly rates is warranted." RCB Equities No. 3, LLC v. Alma Bldg., LLC, No. 11 CV 1004, 2012 WL 832263, at *6 (E.D.N.Y. Feb. 22, 2012) (citing Molefi v. Oppenheimer Trust, No. 03 CV 5631, 2007 WL 538547, at *6 (E.D.N.Y. Nov. 17, 2007)), adopted as modified by, 2012 WL 832286 (E.D.N.Y. Mar. 12, 2012); see also Fuchs, 2009 WL 3756655, at *2 ("Where such information is lacking, the court may reduce the award of attorney's fees accordingly."); Night Hawk Ltd. v. Briarpatch Ltd., No. 03 Civ. 1382, 2004 WL 1375558, at *4 (S.D.N.Y. June 17, 2004) ("[W]here no information is provided concerning the credentials or experience of counsel applying for fees, it is appropriate to reduce the amount of a fee award sought.").

Here, while Plaintiffs have submitted contemporaneous billing records in support of their motion, they only provided credentials and background information for certain attorneys and paralegals. Specifically, Plaintiffs only provided background information and credentials for

Berger and Cannam and limited information for Damante, Rios, Grossbard, and Elmansoury. No information whatsoever was provided for Johnson, Abergail, or the "law interns" Lentini and Traveso. While Plaintiffs did provide background information for Johnson in their reply submission, after being advised of the omission by Defendants, such information should have been included in their moving papers.[1]

In light of the failure to provide background information for numerous individuals who billed time to this action, as well as the fact that the hourly rates sought by Plaintiffs are either at the upper end or above the accepted range in this district, the Court awards Plaintiffs fees at the following rates: (1) Berger (partner) = $450.00 per hour; (2) Johnson and Cannam (associates) = $150.00 per hour; (3) Abergail (law clerk) = $100.00 per hour[2]; (4) Lentini and Traveso ("law interns") = $100 per hour[3]; (5) Damante, Rios and Grossbard (paralegals) = $100.00 per hour; and (6) Elmounsary (support staff) = $100.00 per hour.

### B.    Reasonableness of Hours Sought

As stated above, "[a]n application for attorney's fees must be supported 'by accurate, detailed, and contemporaneous time records.'" Datiz, 2020 WL 5899881, at *9

---

[1] There is also much dispute among the parties about a timekeeper listed in the billing records with the initials "NMD." No background information was originally provided for this individual; however, Berger's Reply Declaration, (DE [115-1]), identifies her as Natalie Donaldson ("Donaldson"), an associate. Donaldson, who appears to have only billed 0.5 hours to this matter, is not included in the chart of timekeepers set forth in Plaintiffs' memorandum of law and was not originally identified by Plaintiffs. Accordingly, the Court is disregarding her hours altogether.

[2] As no background information is provided for Abergail, the Court assumes he is a "law school graduate who ha[s] not yet been admitted to the practice of law." Gao v. Jian Song Shi, No. 18 CV 2708, 2021 WL 1949275, at *18 (E.D.N.Y. Apr. 30, 2021) (citing Douyon v. NY Med. Health Care, P.C., 49 F. Supp. 3d 328, 347 (E.D.N.Y. 2014). "In this district, fees for law clerks are awarded at the same rates as legal assistants and support staff." Gao, 2021 WL 1949275, at *19 (collecting cases).

[3] "Law students 'are generally billed at rates similar to those of paralegals.'" Mary Jo C. v. Dinapoli, No. 09-CV-5635, 2014 WL 7334863, at *7 (E.D.N.Y. Dec. 18, 2014) (quoting Larsen v. JBC Legal Group, P.C., 588 F. Supp. 2d 360, 364 (E.D.N.Y. 2008)).

(quoting LaBarbera v. ASTC Labs, Inc., 752 F. Supp. 2d 263, 277 (E.D.NY. 2010)) (additional citation omitted). "Hours that are 'excessive, redundant, or otherwise unnecessary,' are to be excluded, and in dealing with such surplusage, the court has the discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from the fee application.'" Dagostino v. Computer Credit, Inc., 238 F. Supp. 3d 404, 413 (E.D.N.Y. 2017) (quoting Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998)).

A review of Plaintiffs' counsel's billing records demonstrates that a large portion of the hours for which reimbursement is sought pertain to work unrelated to the missing and belatedly produced witness statements – the only issues for which sanctions were awarded. In addition, fees are sought for hours expended on Plaintiffs' spoliation motion, which was withdrawn by Plaintiffs, (DE [91]), and for which the Court specifically stated that no attorney's fees or costs were awarded. (Discovery Order dated June 10, 2025.) Moreover, the Court finds a large portion of Plaintiffs' counsel's billing records to be vague, duplicative, and overstaffed, warranting a reduction. See Lochren v. County of Suffolk, 344 F. App'x 706, 709 (2d Cir. 2009) (affirming 25% reduction in hours billed "because plaintiffs overstaffed the case, resulting in needless duplication of work"); Serin v. N. Leasing Systems, Inc., No. 06-cv-1625, 2011 WL 147560, at *6 (S.D.N.Y. Apr. 19, 2011), aff'd 501 F. App'x 39 (2d Cir. 2012) (stating that "unspecific or vague records are generally removed" from a fee application and noting that "can be accomplished through excision of the vague entries or reducing the total hours by a flat percentage").

For all these reasons, this Court is making an across-the-board deduction of fifty percent (50%). See Smith v. City of New York, No. 19-cv-6198, 2022 WL 939711, at *6 (E.D.N.Y. Mar. 28, 2022) ("Where entries on a time sheet are vague or duplicative or otherwise insufficient, a

court need not itemize individual entries as excessive; rather, it may make an 'across-the-board reduction, or percentage cut, in the amount of hours.'") (quoting Martinez v. City of New York, 330 F.R.D. 60, 72 (E.D.N.Y. 2019)); T.S. Haulers, Inc. v. Cardinale. No. 09 CV 0451, 2011 WL 344759, at *3 (E.D.N.Y. Jan. 31, 2011) ("In reducing the 'lodestar' amount, the court may exclude the excessive and unreasonable hours from its calculation by making an across-the-board reduction, or percentage cut, in the amount of hours.") (citing Green v. City of New York, 403 Fed. App'x 626, 630 (2d Cir. 2010)). Applying the foregoing reductions, the Court finds that Plaintiffs are entitled to $62,509.00 in attorney's fees as a sanction for Defendants' conduct herein, in accordance with the Discovery Order dated June 10, 2025.

C.      Costs

Plaintiffs also seek reimbursement of their costs in the amount of $704.00. However, documentation of such costs is only provided for mailing and postage expenses of $245.51. (DE [111-3], [119-2].) No description or documentation of the remaining costs has been submitted by Plaintiffs.

Reasonable and identifiable out-of-pocket disbursements ordinarily charged to clients are recoverable. See LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998). However, the party seeking to recover costs "bears the burden of adequately documenting and itemizing the costs requested." Ganci v. U.S. Limousine Serv. Ltd., No. 10-cv-3027, 2015 WL 1529772, at *8 (E.D.N.Y. Apr. 2, 2015) (citation omitted). "Courts have repeatedly . . . refused to award costs absent supporting documentation." Farrington v. Jewish Voice Inc., No. 21-CV-1575, 2022 WL 541645, at *8 (E.D.N.Y. Feb. 23, 2022) (citation and internal quotation marks omitted). As Plaintiffs only provided documentary proof of $241.45 in costs, that is all the Court will award.

8

<u>CONCLUSION</u>

Based on the foregoing, Plaintiffs are awarded $62,509.00 in attorney's fees and $241.45 in costs as a sanctions award for Defendants' conduct herein, as set forth in the Discovery Order. Defendants shall make payment to Plaintiffs' counsel within two (2) weeks of the date of this Order.

**SO ORDERED.**

Dated:  Central Islip, New York
         July 22, 2026

                                  /s/ Anne Y. Shields
                                  ANNE Y. SHIELDS
                                  United States Magistrate Judge